IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,049-01






EX PARTE JAIME ZAMORA CORRAL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20020D04275-384-1 IN THE 384TH JUDICIAL DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to fifty years' imprisonment. The Eighth Court of Appeals affirmed his
conviction. Corral v. State, No. 08-03-00102-CR (Tex. App. - El Paso, October 7, 2004). 

 Applicant contends, inter alia, that the attorney who represented him both at trial and on
direct appeal rendered ineffective assistance of counsel. Applicant alleges that counsel failed to
preserve error at trial by objecting to in-court identifications that were the result of improperly
suggestive pre-trial identification procedures. Applicant also alleges that counsel rendered
ineffective assistance on appeal because counsel failed to timely notify Applicant that his conviction
had been affirmed and failed to advise him of his right to petition for discretionary review pro se.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide trial and appellate counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel at trial and on appeal. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel investigated the issue of the
alleged improperly suggestive pre-trial identification proceedings, and if so, why counsel failed to
make contemporaneous objections to the identification of Applicant by the complainants at trial. 
The trial court shall also make findings as to whether Applicant's appellate counsel timely informed
Applicant that his conviction had been affirmed and that he has a right to file a pro se petition for
discretionary review. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: June 10, 2009

Do not publish